**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM LEEROY HARDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-20-254-JD |
| ) | |
| WATCH TOWER BIBLE ) | |
| AND TRACT SOCIETY ) | |
| OF NEW YORK, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a). Based on that review, the Court should **DISMISS** the Complaint without prejudice.

### I.   BACKGROUND

Mr. Harding is currently incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma. (ECF No. 1-1). The crux of Plaintiff's lawsuit concerns two allegations of child molestation which occurred when Plaintiff was "no more than ten [years old]" and "under the age of 18." (ECF Nos. 1:6-8; 1-1). According to Mr. Harding, Defendants Samuel Portis and Frank Lee were responsible for the molestation. (ECF Nos. 1:6-7; 1-1:2). Mr. Harding has relied on "NY CPLR § 214g" as a basis for his cause of

action against Mr. Portis,[1] Mr. Harding, and three other Defendants—The Watch Tower Bible Tract Society of New York, The Christian Congregation of Jehovah Witnesses, and The Christian Congregation of Jehovah Witnesses of Muskogee, Oklahoma. (ECF Nos. 1:2, 4, 6-8; 1-1:1, 2). Plaintiff seeks monetary damages and injunctive relief. (ECF No. 1:8, 1-1:2).

## II.   DISMISSAL OF THE COMPLAINT

"Under Section 1983, liability attaches only to conduct occurring under color of law. Thus, the only proper defendants in a Section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal citations omitted). In addition, liability under § 1983 applies only to "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution[.]" 42 U.S.C. § 1983.

Here, Mr. Harding has named two individuals and three entities as defendants, but has failed to allege that any of them represent the state in any capacity. Furthermore, Mr. Harding has failed to allege any violation of federal law. Plaintiff's reliance on "NY CPLR § 214g," a New York state statute, is insufficient in this regard.[2] Because Plaintiff

---

[1] Plaintiff has actually named "Estate of Samuel Portis" as a Defendant, which would suggest that Mr. Portis is deceased. *See* ECF No. 1-1:4.

[2] NY CPLR § 214-g was enacted effective February 14, 2019 to revive civil claims by persons subjected to sexual abuse when they were under the age of 18 but whose claims have become time-barred. *See* NY CPLR § 214-g; see also NY CPLR § 214-g Practice Commentaries.

has failed to name a state actor as a defendant and has failed to allege any violation of his federal constitutional rights, the Court should dismiss the Complaint.

## III.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Complaint be **DISMISSED** without prejudice. To date, the Court has not ruled on Mr. Harding's Motion for leave to proceed *in forma pauperis*. *See* ECF No. 2. With the recommended dismissal, the Court should deny that motion as moot.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 13, 2020**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IV.   STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on March 25, 2020.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE