IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM L. HARDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-00254-JD |
| | ) |
| WATCH TOWER BIBLE & TRACT | ) |
| SOCIETY OF NEW YORK, INC.; | ) |
| CHRISTIAN CONGREGATION OF | ) |
| JEHOVAH WITNESSES; CHRISTIAN | ) |
| CONGREGATION OF JEHOVAH | ) |
| WITNESSES OF MUSKOGEE, | ) |
| OKLAHOMA; SAMUEL PORTIS; and | ) |
| FRANK LEE, | ) |
| | ) |
| Defendants. | ) |

**ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION**

Plaintiff William L. Harding, an Oklahoma state prisoner appearing pro se, filed this action requesting leave to proceed without prepayment of fees and costs under 28 U.S.C. § 1915. The Court referred the matter to United States Magistrate Judge Shon T. Erwin for preliminary review.

Judge Erwin screened Plaintiff's Complaint [Doc. No. 1] under 28 U.S.C. § 1915A(a)[1] and entered a Report and Recommendation recommending that the Court

---

[1] Although Mr. Harding is a prisoner, reliance on § 1915A is misplaced because the Complaint does not seek redress from "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also* Doc. No. 1. The error is immaterial, however, because Mr. Harding is attempting to proceed in forma pauperis, and the Court may properly screen the Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, the Court has an independent obligation to determine whether subject matter jurisdiction exists, and the Court's inquiry may be raised "at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

(1) dismiss the Complaint for failure to state a claim and (2) deny as moot Plaintiff's Motion for Leave to Proceed In Forma Pauperis. [Doc. No. 7]. Judge Erwin advised Plaintiff of his right to file an objection to the Report and Recommendation with the Clerk of Court by April 13, 2020, and that a failure to timely object would waive Plaintiff's right to appellate review of both factual and legal issues contained in the Report and Recommendation. *See also* 28 U.S.C. § 636.

The record reflects that Plaintiff has not filed an objection to the Report and Recommendation or requested additional time to object. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (explaining that the Tenth Circuit's "firm waiver rule" "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions"). With no objection being filed, the Court is not obligated to conduct a de novo review of the report or the findings or recommendations therein. *See* 28 U.S.C. § 636(b). Nevertheless, the Court has conducted its own review of the Complaint and the basis of dismissal set forth in the Report and Recommendation.

The Complaint alleges that Plaintiff was molested as a minor by Samuel Portis and Frank Lee, both of whom are alleged to be residents of Muskogee, Oklahoma. [Doc. No. 1-1 at 1, 4]. Based on these allegations, Plaintiff asserts claims for "Violation of Child Protective Law" against Mr. Portis, Mr. Lee, and three entities: Watch Tower Bible & Tract Society of New York, Inc.; Christian Congregation of Jehovah Witnesses; and Christian Congregation of Jehovah Witnesses of Muskogee, Oklahoma. Plaintiff seeks monetary damages, psychological treatment for PTSD and other underlying conditions

due to the alleged abuse, and a written apology [Doc. No. 1 at 7-8]. The Complaint asserts that the Court has both federal question jurisdiction (under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3)) and diversity jurisdiction. [*Id.* at 2].

In the Report and Recommendation, Judge Erwin recommends that the Court dismiss the Complaint for failure to state a claim under 42 U.S.C. § 1983. Judge Erwin correctly notes that because the Complaint does not allege that any of the Defendants were acting under color of state law, there is no § 1983 liability. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) ("Under Section 1983, liability attaches only to conduct occurring under color of law. Thus, the only proper defendants in a Section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." (internal citations omitted)). Judge Erwin's analysis is well reasoned, and the Court therefore ADOPTS the Report and Recommendation to the extent it finds that the Complaint fails to state a claim for violation of 42 U.S.C. § 1983 or any other federal law.

Although the Court agrees with Judge Erwin that there is no federal claim at issue, the Court finds it necessary to also analyze Plaintiff's state law claims for violation of child protective laws. The Complaint alleges that the Court has diversity jurisdiction over these claims; however, the Complaint also alleges that Plaintiff is of Cleveland County, Oklahoma and that at least two of the Defendants, Mr. Lee and Mr. Portis, are also residents of Oklahoma. [*See* Doc. No. 1-1 at 1, 4]. *Cf. State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (explaining that while residence is not the equivalent of citizenship, "the place of residence is *prima facie* the domicile"). Because

the allegations in the Complaint do not demonstrate complete diversity of citizenship between Plaintiff and Defendants, the Court lacks jurisdiction over Plaintiff's state law claims. *See id.* at 518 (explaining the burden is on "the party invoking federal jurisdiction to show that it exists").

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 7] to the extent it finds that Plaintiff has not stated a claim under 42 U.S.C. § 1983 and DISMISSES the Complaint [Doc. No. 1] without prejudice for failure to state a claim for violation of federal law and for lack of subject matter jurisdiction over Plaintiff's state law claims.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Appear in Forma Pauperis [Doc. No. 2] is DENIED AS MOOT.

IT IS SO ORDERED this 18th day of May 2020.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE